United States v. Givens Mr. Hillis May it please the court, counsel. My name is Daniel Hillis. I'm with the Federal Public Defender's Office and I represent Mr. Givens on this appeal. He challenges two supervised release conditions and the inclusion of the special assessment in the judgment since no special assessment was orally pronounced at sentencing. First, the condition forcing Mr. Givens to remain in the jurisdiction is improper because the condition has no scientific requirement. Did you leave the jurisdiction accidentally? I beg your pardon, Judge? You mean you don't know when you're leaving the jurisdiction? That's a later point. I'll get to it unless you wish me to address it now. But my fundamental concern, since that is of constitutional scope, is that first, as a matter of constitutional avoidance, if the court were inclined to grant relief on the first portion of the argument, it's that the supervised release condition itself has the scienter requirement. And the defendant asked that that condition include the scienter requirement as expressed in the guideline and the judge refused. So that is inconsistent with 3583 D3 and of course the statute says that you should impose conditions that have the less deprivation of liberty as possible but also that you should impose a condition that's consistent with what the commission has required. And the condition runs afoul just by excluding the scienter requirement. As for your Honor's question, though, with respect to the jurisdiction, yes, you can obviously leave the jurisdiction unknowingly. How do? The example you gave in the brief is a simple one, but if you doze off in a car that's traveling and you don't know that the driver is going to leave the jurisdiction, you're in violation of the condition just by the act of the driver through no fault of your own. But more fundamentally, you can imagine throughout the counties that comprise the Northern District of Illinois, every area is not posted, you are now leaving the county. Was this restriction, and I knew it at one time, Tom, confined to just the jurisdiction of the court or was it a statewide jurisdictional problem? Right, so that's the other... Oh no, answer the question, which did it do? Yes, I think that it always, as the guidelines had it, confined you to the judicial district. So that if I went from Cook County to Will County under the condition here, you'd be violating the rule? I thought that Will County is still in the Northern District, as is Cook, so you'd have to go past Will County to, is it LaSalle County? Sure, yeah. He goes to Springfield to visit. Wow, yeah, then you're in trouble, right. And if you do it through no fault of your own, you are subject to revocation under 3583E3, which, again, this is why we should have a scienter requirement. This court's had opinions where it's expressed concern about conditions that don't have scienter. You've done a lot of legwork on cases about conditions of supervised release, and I know somebody's asked me before that we've had a lot of opinions. We've said what we need to say, and yet judges, even when asked to include something that is expressly stated in the condition, chooses to omit it. And that's a problem here. As far as jurisdiction more broadly, there's a huge difference between judicial district and jurisdiction. And so imagine you're a state parolee. You are not allowed to leave the state. You're a federal convict, and you're out on supervised release. You have less rights to travel within the state, even though you're a resident of the state. But furthermore, the court has jurisdiction everywhere, has the power if you violate the supervised release conditions. The court has the authority to bring you in and hold you accountable. Jurisdiction is not synonymous with judicial district. But it's not being used in that way. The reference is geographic here, not power. Well, judicial district is one phrase that would refer to geographic location. But jurisdiction is not, and the two should not be confused. And the judge did not express anything in the record to say that he understood that one was different from the other. And it impacts then, Judge Sykes, my client's fundamental right to travel, which is undisputed that he has that right. And I don't think that people should be confined to a geographic spot, a locality. When as citizens, even on supervised release, you still have a fundamental right and they should be able to travel wherever they wish to make a better life. They're probation officers elsewhere. This is not something where because of administrative convenience for the probation officers, somebody should sacrifice their fundamental right. And to me, that's very apparent here. And when, again, you go to using judicial district in a way that's supposed to communicate jurisdiction, I think that causes problems. You can't get permission to leave the jurisdiction. Right. And if it's withheld, you're effectively denied your right. And probation officers shouldn't be empowered to make that sentencing determination, which effectively they do. Where would you go as your defendant to ask whether you could move, say, from Illinois to Texas? I think you have to start with your probation officer. And if they decline, you're out of luck. And furthermore, as I understand the administrative aspect of it. I thought it was a judicial decision. It's supposed to be. So why then do you have to go to the probation officer to get permission for something that's... Because he notifies the court of where you are. That's why. He's supposed to know where you are so he can report to the court. Okay. But if it's then an Article III problem, if the judge is letting the probation officer make that decision, there's a problem? No. The probation officer tells the court that this is what's happening. The judge makes the decision. And there's more to it, actually, than that, as I understand it. Because if the judge says, okay, you can go, but there's another jurisdiction that you want to go to, and they're going to refuse to allow you to come in, then you can't go either. So we have a bureaucratization of a fundamental right that ultimately results in somebody losing that fundamental right through the way that the process unfolds. Another reason to avoid sin. I'd say maybe another reason to avoid the condition. But if I may, as for the remaining contentions, unless the court has further questions on the first one. How would you frame, Mr. Hillis, a restriction on where one can travel if you were a district judge? I don't think that I would. I think I would recognize. So is that your position, that once unsupervised release, how about with a passport? Could you hold a passport? If there's a valid reason to do so, Judge, I have a better answer than no restrictions at all. I should have been more thoughtful. 3583D3, not a greater deprivation of liberties than is necessary to accomplish the goals. A wholesale ban on travel out of the judicial district is too great. But the court would simply need to express reasons consistent with the statutory factors under 3583D to come up with a valid reason for the restriction. That's what I'm asking. Is there such a thing as a valid reason under your view, Mr. Hillis? Right. That is a harder one. But you can imagine things easily off the top of your head. So if there are, oh, boy, the terrible things where people were once upon a time, and maybe still engage essentially in the child sex junkets towards places that were poorly administered in this regard, like Thailand or the Philippines and some spots where this has been notorious, you could restrict travel perhaps to those places with reference to the necessary statutory factors. But if somebody is engaged in drug possession, drug distribution, rather, they should be able to go and have a better life somewhere else. And maybe getting them out of some of these places where the people are around, that they fall into bad habits in bad ways, this is a superior way of handling things as opposed to, say, your peonage. Couldn't you apply for a transfer to a jurisdiction where you want to go live? You want to go live in Texas and get a different probation officer? Can't you come to the court and say it's too limited to, say, the Northern District of Illinois? Yes, but more fundamentally, if you've got a right to travel, should you have to go there and ask for that permission and it can be denied for all sorts of reasons as opposed to simply going and say in advance I'm leaving and alerting the probation officer in this new place where you go to that you're there. That's a less restrictive way of doing this, and it accomplishes then the goals consistent with the statute, burning through to the remaining contentions. That sort of is the tail wagging the dog, though, that lets the defendant on supervised release decide who's going to supervise him. That can't be right. No, it doesn't. It lets them be in a place. It's ultimately for the court to decide that you remain under supervision and for the probation office to staff the case. Supervision is only practical in geographic terms. Yes, we are an electronic society, but supervision really is only practical, and this goes beyond bureaucratic considerations. It's really a human endeavor. It's not just a virtual endeavor. But they have bodies in those places, live probation officers who can supervise. Right, but it's not up to the defendant to choose which probation or parole unit he'll submit to. That's inviting chaos to interpret the statute, can't we? I think it invites consideration of the fact they have a fundamental right to travel. Instead, I think that what you're proposing inverts what the right is and credits the necessary bureaucracy at the expense of the fundamental right. I see I'm out of time. If the Court has questions about the excessive use of alcohol, which is undefined, or the $400 special assessment that wasn't included in the oral pronouncement, I have nothing further. Thank you. Thank you, Mr. Hillis. Mr. Lott? Good morning. May it please the Court, my name is Raj Lott. I represent the United States in this matter. The condition imposed by the District Court here regarding travel is a condition that this Court has previously held is an administrative condition, and in particular imposing it without an added scienta requirement was approved by this Court in the United States versus Poland. It's cited in the brief. That was a procedural challenge, as I read the case. It wasn't a substantive challenge. I think this one is a substantive challenge. And, Your Honor, regarding the substantive challenge here, I think there are a number of reasons why this condition is warranted. Confining someone to a judicial district is a geographic area. There is an administrative convenience to the probation office in that that's how they organize themselves, but as Your Honor just mentioned. But what about the knowingly requirement? So the issue with the knowingly requirement is, one, about how to effectively administer this condition. And I think Judge Bower's question earlier really hit at this. It's pretty constrained to conceive of a circumstance in which somebody would unknowingly leave, where the leaving the judicial district would be the unknowingly part. My understanding, the thrust of the argument at sentencing was that the burden would be on the government to prove that the defendant, in fact, knew the boundaries of the judicial district if he violated this condition. The district court considered that and said, the defendant is in the best place to learn those boundaries. I want to put the incentive on the defendant to know it. Removing that requirement actually creates a perverse incentive, which is to not learn the boundaries. Because if you don't know the boundaries, you can always say, if you get into trouble down the road, well, I didn't know. And I think if you look at the other conditions where this court has required a scienter requirement, it's very different. It's where there's a real risk of an unknowing violation. So, for example, the old condition about meeting people engaged in criminal activity was silent about whether you had to know they were engaged in criminal activity. And there you can see the risk of meeting somebody, having no idea that they were engaged in criminal activity, and really it's not practical to interrogate every person you come into contact with to make your own determination if they're engaged in criminal activity. Here we're talking about boundaries of a district. The district isn't actually known at the time of sentencing because the defendant will decide when he's released from prison where he wants to go. So he's not going to be restricted just to coming back to where he was, which was the Northern District of Illinois. If you choose to come back here, he was specifically directed at the sentencing that he should learn the boundaries of the district and not to jump around too much. But I think this confusion with jurisdiction, judicial district, is not at all present in this case where it was discussed at sentencing where the district court used the term judicial district and said you need to learn the boundaries of the judicial district that you're being supervised. Who gave him a map? I'm sorry, Your Honor? Who gave him a map with an outline on it? And I believe that is the practice of probation, and some district court judges actually are doing that now. The only issue I think where we wouldn't want to require that is we don't know for sure at the time of sentencing what judicial district it's going to be. The statute does use the term jurisdiction. It's confusing, Your Honor. The statute uses the term jurisdiction. The sentencing guideline, the recommendation of the Sentencing Commission, uses the term judicial district. I think we're talking about judicial district here, and jurisdiction is a term that can have a power of the court meaning but can also have a geographic meaning. Clearly here the statute is using jurisdiction in the geographic sense. I think the term judicial district further clarifies it, and so it's probably helpful for courts to use that term, and the district court here did use that term at sentencing. So the defendant is on notice as to what it is that he was being told to do. On the alcohol condition, I believe that's a scrivener's error, and we've agreed to a limited remand. The district court clearly gave that definition of greater than 0.08%, and actually if you look at the judgment, I think the clerk must have checked the wrong box because there's a box for that, and then there's a box for a blank. The blank is checked and then left blank. So we don't object to that. I don't have anything more to say about that. Is your position we should remand? Only a limited remand with directions to the court to correct the scrivener's error, and this court has previously used that procedure, which wouldn't require resentencing, wouldn't require the defendant to be brought back into the district. And then the other issue is the oral pronouncement of the special assessment. I addressed that in the brief, but the district court did tell the defendant orally at the sentencing hearing at which the sentence was imposed that it's mandatory and that because there are four counts it would be $400 here. So I submit to your honors that is the equivalent of an oral pronouncement. At best, in favor of the defendant's position, it's ambiguous, and the cases do make clear that. If there's any ambiguity about the district court's intent, it can be clarified by the written judgment, which includes it. So I don't believe that resentencing is necessary in this case to impose that $400 special assessment. So if there are no further questions, I'll ask that with the exception of that limited remand to correct the scrivener's error, the judgment below be affirmed. Mr. Hill, it's your time. It expired, but you wanted to speak to the alcohol, so you may have the two minutes or both. Thank you. I appreciate it. It is for the court to say during sentencing what it means by excessive. I recognize this is an icity of a box that could be checked, but that's not the definition that the judge decided to use, and so I think that a full remand is necessary for the judge to give the reasons and his explanation for how much alcohol consumption he wants to permit. As for administrative reasons to confine somebody to a place, calling something administrative doesn't mean that it is still then valid and necessary to give effect to the statutory language. And in this case, as Judge Sykes mentioned, the statute says jurisdiction, and it doesn't use that in a geographic sense. It means within the power of the court. So, again, while it is nice and administratively convenient to make somebody live someplace forever, the statute says jurisdiction. We need to give effect to the meaning of the language from the statute, and if we have cheapened the right that the individual has to travel by confining them to a judicial district through the expression of a sentencing guideline that is ultimately inconsistent with the statute, we need to go back to what the statute allows. So on your reading of the statute, jurisdiction refers to the power of the court, any district court anywhere in the United States. So this is a recommended mandatory condition, or I guess this is a discretionary condition, recommended discretionary condition that only applies to foreign travel? Is that how this should be read? Yes, in non-extradition countries, maybe more broadly than that, Your Honor. But it certainly doesn't say that the court can make you stay in the area where the courthouse is. And the statute, again, says jurisdiction. That means the power of the court.  And you could be brought in from Florida if you're there to answer for your conduct, and it doesn't mean that you can make somebody live in the judicial district in the various counties around the courthouse as a condition of supervised release, because, again, that's inconsistent with the statute. And so under 3583D, we look to what the statutory language is, and this is inconsistent. Thank you, sir. Thank you. Thank you as well. Case is taken under advisement.